UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:11-CR-00097 |
| | § | |
| STEVEN RICHARD HARRIS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Movant Steven Richard Harris's First Step Act Motion for Sentence Reduction and/or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed on December 27, 2021. ECF No. 92. Raising health concerns related to COVID-19, Harris requests that he complete the remainder of his sentence in home confinement. *Id.* The Government filed its response to the motion on March 14, 2022. ECF No. 94. Harris did not file a Reply. After reviewing the motion, the response, and the applicable law, the Court **DENIES** the motion for the reasons stated below.

## I. PROCEDURAL BACKGROUND

On April 15, 2011, Harris was arrested in connection with a two-year conspiracy involving the trafficking of methamphetamine and money laundering. ECF No. 88 ¶¶ 1–6. In addition to Harris, the Irving, Texas, Police Department and the Internal Revenue Service, Criminal Investigation's Dallas office arrested fourteen co-defendants responsible for the sale of methamphetamine in North and Central Texas, Oklahoma, Louisiana, and elsewhere. *Id.* ¶ 4. Harris purchased and/or distributed at least 45 pounds/20.41 kilograms of methamphetamine, generating $675,000 in drug proceeds. *Id.* ¶¶ 19–20.

In 2011, Harris was convicted of conspiracy to possess with intent to distribute methamphetamine and conspiracy to commit money laundering. ECF No. 61. Following his guilty plea, on December 14, 2011, the Court sentenced Harris to 240 months on both counts, to be served concurrently. ECF No. 61. On May 4, 2015, Harris filed a Motion to Reduce Sentence Pursuant to U.S.S.C. Amendment 782. ECF No. 78. The motion was granted on August 20, 2015, and Harris's sentence was reduced to 220 months. ECF No. 80. Harris is presently 58 years old and has served approximately 145 months, or about 66%, of his current prison term. Harris is scheduled for release in December 2026. ECF No. 94 at 3.

Before Harris's current arrest and conviction, he had previously been convicted of a multitude of other crimes. In 1982, Harris was convicted of possession of a controlled substance (Cocaine) at 18 years old. ECF No. 88 ¶ 43. In 1988, Harris was also convicted of Driving while Intoxicated and Possession of Marijuana. *Id.* ¶ 44. Less than four years later in 1992, Harris was again convicted of Driving while Intoxicated and Evading Arrest. *Id*. ¶ 45. In 1993, Harris was convicted of telephone harassment after he threatened an acquaintance with bodily injury. PSR ¶ 46. In 2002, Harris was convicted of possession of cocaine, *Id.* ¶ 47; and in 2005, he was convicted of unlawful possession of methamphetamine. *Id.* ¶48. Less than six months later, Harris was convicted of evading arrest with a vehicle. *Id.* ¶ 49. In 2007, Harris was convicted of unlawful carrying of a weapon and driving while license suspended, *Id.* ¶ 50.

On December 27, 2021, Harris filed a motion with this Court seeking a sentence reduction or compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 92. He bases his request for relief on his fear of COVID-19 and the potential health ramifications he may experience if infected based on his underlying conditions. *Id.* at 1.

## II. LEGAL STANDARD

In 2018, Congress enacted the First Step Act ("FSA"). First Step Act, Pub. L. 115-391, 132 Stat. 5194. The FSA contains a compassionate release statute that gives sentencing courts authority to grant a sentence reduction if it finds: (1) a defendant "fully exhausted all administrative rights"; (2) "extraordinary and compelling reasons warrant such a reduction"; (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (4) such a reduction is appropriate "after considering factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Section 3553(a) lists several factors for courts to consider when imposing or reassessing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; … (5) any pertinent policy statement— (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, and … (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). Like § 3582, § 3553(a) prioritizes pertinent policy statements issued by the Sentencing Commission when making or reevaluating sentences.

The applicable policy statement is found in Section 1B1.13 of the Sentencing Guidelines. U.S. Sentencing Comm'n, Guidelines Manual, § 1B1.13 (Nov. 2018) ("2018 USSG"). Section 1B1.13 first requires that "the defendant is not a danger to the safety of any other person or to the

community." USSG § 1B1.13. Once this threshold inquiry has been met, § 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons." *Id.* Note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;" (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, ... an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.*, comment. (n.1(A)–(D))

Generally, the defendant carries the burden to show the circumstances that make compassionate release an appropriate remedy. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III. DISCUSSION

**A. Harris has met § 3582(c)(1)(A) 's exhaustion requirement, providing this Court with jurisdiction over the matter.**

Harris's compassionate-release motion may be considered only if he first meets the exhaustion requirement in § 3582(c)(1)(A). The statute provides that a court may not consider any modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Harris has exhausted his

administrative remedies, and his motion is properly before this Court. ECF No. 92 at 1; ECF No. 94 at 5.

**B. Harris has not met § 3582(c)(1)(A)'s requirements because his alleged "extraordinary and compelling reasons" for sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."**

Harris's compassionate-release motion turns on his assertion that the risks to his health associated with COVID-19, coupled with his pre-existing conditions, constitute extraordinary and compelling reasons to reduce his sentence. ECF No. 92. Harris argues that his underlying conditions, including asthma, C.O.P.D, and borderline diabetes, place him at a greater risk for dying from COVID and hinder his ability to provide self-care if he becomes infected. *Id.* However, Harris's assertions are untethered to the Sentencing Commission's binding applicable policy statement in section 1B1.13 of the Sentencing Guidelines.

As the Government correctly notes in its Response, the Sentencing Commission's policy statement does not provide a basis for compassionate release based on Harris's COVID-19 concerns. ECF No. 94 at 8. Instead, the grounds for release are strictly limited to circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP. Harris's Motion has not identified an extraordinary and compelling circumstance justifying a reduction of his sentence and/or compassionate release under any of the four categories. Numerous courts have concluded that an inmate's concerns about the risk of contracting COVID-19 are not consistent with the Commission's policy statements as required by § 3582(c)(1)(A). *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Additionally, Harris's refusal to receive the vaccine for COVID-19 undermines his argument, as taking the vaccine would reduce

his risk of contracting the disease. ECF No. 94 at 6–7. *See United States v. Booker*, No. 11cr127, 2021 WL 1616891, at *3 (E.D. Tex. Apr. 26, 2021) (explaining that a defendant "cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such a being vaccinated"). As this court has previously held in numerous similar COVID-19 related motions, no sentence reduction is warranted, regardless of Harris's underlying conditions. *See United States v. Orrantia*, 2022 WL 686463 (W.D.Tex., 2022); *United States v. Ramos*, 2022 WL 1592983 (W.D.Tex., 2022).

Harris's compassionate-release motion seeks a sentence reduction based on a rationale that is inconsistent with applicable policy statements issued by the Sentencing Commission, and it does not rise to the level of a consideration not included that should be taken into account. USSG § 1B1.13 cmt. n.1 Therefore, Harris fails to meet the requirements of section 3582(c)(1)(A)(i). Given Harris's failure to meet § 3582(c)(1)(A) 's requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction. For the sake of completeness, however, the Court will consider the applicable § 3553(a) factors.

## C. Harris has not shown that the sentencing factors in 18 U.S.C. § 3553(a) permit reducing his sentence.

The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

First, courts look at "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In 1982, Harris, at the age of 18, was convicted of Possession of a Controlled Substance (Cocaine). ECF No. 88 ¶ 43. From 1988 to 2007, Harris was convicted of ten additional crimes with several of his convictions involving

drugs. *Id.* ¶ 44–50. Following these convictions, Harris became involved in a large drug operation dealing methamphetamine across at least three states. *Id.* ¶4. After nearly three decades of criminal conduct, Harris had a Criminal History Category VI at the time of his sentencing. *Id.* ¶ 51. Harris's crime was serious enough to merit an 18-year sentence.

Second, courts consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). As correctly noted in the Governments Response, this Court has evaluated these same factors on numerous occasions and have found that they support the current sentence. The seriousness of Harris's crimes and his substantial criminal history support a lengthy sentence necessary for a deterrent effect.

Third, courts also look at the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Harris's crimes have frequently involved conduct that puts other members of the public in danger, including making threats (PSR ¶ 9, 46), unlawful carrying of a weapon (PSR ¶ 50) and evading arrest, twice (¶¶ 45 and 49). Harris's long and diverse history of criminal activity shows that he still commits serious crimes unless he is incarcerated.

Finally, courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Reducing Harris's sentence would ignore the sentencing guidelines and cause unwarranted sentence disparities among similarly situated defendants. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct.") (cleaned up). Initially, this Court awarded Harris a 240-month sentence, which was well below the guidelines for Counts One and Two. Following Harris's successful Motion to Reduce

Sentence Pursuant to U.S.S.C. Amendment 782 (ECF No. 78), his sentence was further reduced to 220 months. ECF No. 80. Any further reduction of Harris's sentence would result in a sentence dramatically less than the 292-to-365-month recommended sentence. ECF No. 88 at 36.

Ultimately, the § 3553(a) factors do not permit Harris's sentence reduction. In addition, Harris has not shown he would not pose a danger if released. As Harris's conduct and criminal history show, he has committed serious criminal offenses since he was 18. ECF No. 88 ¶ 43. Harris has numerous convictions for drug offenses (*Id.* ¶¶ 43, 44, 47-48) as well as prior convictions for evading arrest (*Id.* ¶¶ 45 and 49), unlawfully carrying a weapon (*Id.* ¶ 50), and threats through the telephone (*Id.* ¶ 46). The Government points to Harris's long history of drug offenses, and his previous conduct including threats, as evidence he likely still poses a danger to others in the community. ECF No. 9; ECF No. 88 ¶ 9. While Harris's PATTERN score of "minimum" puts him in the group of inmates with the lowest likelihood of recidivism, Harris has failed to raise any examples of behavior that would indicate he no longer poses a danger to others in the community. If this Court releases Harris from prison, this Court would be responsible for the danger Harris would so create. Accordingly, this Court finds Harris's sentence will not be vacated or reduced.

## IV. CONCLUSION

Having considered 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is inappropriate in Harris's case. Accordingly, it is hereby **ORDERED** that Harris's Motion to Reduce Sentence is **DENIED**.

**SIGNED** this 1st day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE